IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMIRA RANDOLPH-ALI,** : | CIVIL ACTION NO. 1:16-CV-1625 |
| : | |
| Plaintiff   : | (Chief Judge Conner) |
| : | |
| v.   : | |
| : | |
| **STEELTON POLICE DEPARTMENT,** : | |
| *et al.*, : | |
| : | |
| **Defendants** : | |

### ORDER

AND NOW, this 18th day of January, 2017, upon consideration of the report (Doc. 13) of Magistrate Judge Karoline Mehalchick, issued following comprehensive review of the amended complaint (Doc. 10) of *pro se* plaintiff Samira Randolph-Ali ("Randolph-Ali") pursuant to 28 U.S.C. § 1915(e)(2)(B), wherein Judge Mehalchick recommends that the court dismiss the bulk of Randolph-Ali's federal civil rights and state law claims without leave to amend, with several noted exceptions, but allow Randolph-Ali's federal excessive force and state law assault and battery claims to proceed against a single defendant, and it appearing that Randolph-Ali did not object to the report, see FED. R. CIV. P. 72(b), but that the Steelton Borough defendants did object in part, (Doc. 18), and, following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court finding Judge Mehalchick's exhaustive analysis to be thorough, well-

reasoned, and fully supported by the record, and finding the Steelton Borough defendants' objection to be without merit and fully addressed by the report,[1] and, in addition to our agreement with Judge Mehalchick's recommended disposition, the court further observing that Randolph-Ali's request for sum certain damages (Doc. 10 at 8) must be stricken from the amended complaint for violation of Local Rule of Court 8.1, see, e.g., Altenbach v. Ianuzzi, No. 3:14-CV-1932, 2015 WL 5688476, at *5 (M.D. Pa. Sept. 25, 2015); Chen v. Holt, No. 3:12-CV-1817, 2012 WL 360032, at *2 (M.D. Pa. Jan. 29, 2013); Ortiz v. Prison Bd. Members, No. 3:CV-08-2126, 2011 WL 776195, at *2-3 (M.D. Pa. Feb. 28, 2011), it is hereby ORDERED that:

1. The report (Doc. 13) of Magistrate Judge Mehalchick is ADOPTED.

2. The following claims are DISMISSED with prejudice:

---

[1] The Steelton Borough defendants object to the recommendation that Randolph-Ali's First Amendment retaliation claim be dismissed *without* prejudice. (Doc. 18 ¶¶ 6-7; Doc. 19). Randolph-Ali avers that the Steelton Borough defendants targeted her for a child abuse investigation in May 2016 in retaliation for a lawsuit she filed against Harrisburg police officers and others in 2014. (Doc. 10 at 17-19, 21-22). The Steelton Borough defendants assert that, given the lapse between the 2014 lawsuit and the 2016 investigation, no set of facts could establish an inference of causation. (Doc. 19 at 4-5). The court disagrees. The two-year time lapse is not so "unduly suggestive" as to independently prove causation, but it does not preclude Randolph-Ali from alleging that "a pattern of antagonism coupled with timing" establishes a causal connection. See Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007). The deficiency emphasized by the Steelton Borough defendants is factual in nature. Accordingly, Randolph-Ali should be given the opportunity to amend her pleading. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

2

    a.    All claims against District Attorney Edward Marsico and Assistant District Attorneys Katie Adams and Chris Jason on the ground of prosecutorial immunity;

    b.    Any claim against Dauphin County Social Services for Children and Youth caseworker Nicole Carter based on allegedly perjured testimony during Randolph-Ali's June 30, 2016 preliminary hearing on the ground of witness immunity;

    c.    All claims against Detective Anthony Minium and Officer Troy Elhaj for false arrest, false imprisonment, malicious prosecution, and invasion of privacy under either federal or state law based on Randolph-Ali's August 7, 2014 arrest;

    d.    Any claims against Detective William Shaub for invasion of privacy pursuant to 42 U.S.C. § 1983 or for defamation under state law based on Randolph-Ali's May 26, 2016 arrest; and

    e.    Any claims against Dauphin County Social Services for Children and Youth caseworker Nicole Carter for illegal seizure under the Fourth Amendment or a due process violation under the Fourteenth Amendment based on her involvement in the child abuse investigation that led to Randolph-Ali's May 26, 2016 arrest.

3.    The following claims are DISMISSED without prejudice:

    a.    Any claims against Dauphin County Social Services for Children and Youth caseworker Tia Hunt for lack of personal involvement;

    b.    All claims against Detective William Shaub and Officer William Shaffer for malicious prosecution, and against Detective William Shaub for false arrest, under either federal or state law, based on Randolph-Ali's May 26, 2016 arrest;

    c.    Any supervisory liability claim against Detective Anthony Minium on the basis of his role as acting chief of the Steelton Police Department at the time of Randolph-Ali's May 26, 2016 arrest; and

    d.    Any First Amendment retaliation claim stemming from Randolph-Ali's May 26, 2016 arrest.

4. Randolph-Ali's demand for relief (Doc. 10 at 8) is STRICKEN to the extent it seeks specific sums certain of money damages in violation of Local Rule of Court 8.1.

5. Randolph-Ali shall be allowed to proceed on her Fourth Amendment excessive force and state law assault and battery claims against Detective Anthony Minium.

6. The Clerk of Court is directed to TERMINATE the following defendants: District Attorney Edward Marsico; Assistant District Attorneys Katie Adams and Chris Jason; Officer Troy Elhaj; and Dauphin County Social Services for Children and Youth caseworker Nicole Carter.

7. Randolph-Ali is granted leave to file a second amended complaint within thirty (30) days of the date of this order, consistent with the report (Doc. 13) of Magistrate Judge Mehalchick and paragraphs 2 through 6 above.

8. Any amended pleading filed pursuant to this paragraph shall be filed to the same docket number as the instant action, shall be entitled "Second Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint under the Federal Rules of Civil Procedure, without reference to the pleadings (Docs. 1, 10) previously filed. In the absence of a timely-filed second amended complaint, the above-captioned action shall proceed on the remaining claims identified in paragraph 5.

9. This matter is REMANDED to Magistrate Judge Mehalchick for further proceedings, including disposition of Randolph-Ali's motion (Doc. 20) for appointment of counsel filed January 4, 2017.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania